**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

SCOTT LOFTIS,

      *Plaintiff*,

v.

RICHARD ROSE, in his official capacity as
Chairman of the Oklahoma Council on
Judicial Complaints; AGNELA AILLES
BAHM, in her official capacity as Vice
Chairwoman of the Oklahoma Council on
Judicial Complaints, and ZACK TAYLOR,
in his official capacity as a member of the
Oklahoma Council on Judicial Complaints,

      *Defendants*.

Case No. CV-01172-D

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND
REQUEST FOR EXPEDITED BRIEFING SCHEDULE**

Plaintiff, Scott Loftis, is running to be a district judge in District 8 in Noble and Kay

counties. He challenges three Oklahoma policies dealing with judicial ethics:

(1) The law prohibiting candidates for judicial office from "making publicly known in
his campaign material or speeches, or knowingly permitting others to make publicly
known, either directly or by implication, his political party affiliation." 20 Okla Stat.
§ 1404.1(3).

(2) The provision of the Code of Judicial Conduct prohibiting candidates for judicial
office from "make[ing] any statement that would reasonably be expected to affect
the outcome or impair the fairness of a matter pending or impending in any court;
or "in connection with cases, controversies, or issues that are likely to come before
the court, mak[ing] pledges, promises, or commitments that are inconsistent with
the impartial performance of the adjudicative duties of judicial office." OKLA STAT.
CJC Rule 4.1(12)-(13).

(3) Three opinions of the Judicial Ethics Advisory Panel (JEAP Opinions 98-10, 2018-
7, and 2026-2) to the extent they impose content-based restrictions on political
speech of candidates for judicial office.

Loftis respectfully asks this Court to preliminarily enjoin Defendants from enforcing these policies during this litigation. *See* Fed. R. Civ. P. 65. Loftis is entitled to preliminary relief. The challenged polices are likely unconstitutional, because they impose content-based restrictions on protected political speech. Deprivations of free speech are a classic form of irreparable harm. And because the policy is likely unconstitutional, the equities and public interest necessarily favor an injunction. For all these reasons, which are detailed in the accompanying brief, the Court should grant this motion and enter a preliminary injunction.

Respectfully submitted,

*/s/ Ryan Haynie*

Ryan Haynie, OBA No. 32796
OCPA CENTER FOR LAW &
LIBERTY
1401 N. Lincoln Blvd.
Oklahoma City, OK, 73104
Telephone: (405) 590-6070
Email: ryan@ocpathink.org

## CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I electronically filed the foregoing and accompanying attachments with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification to all counsel of record.

Because Defendants have not yet entered an appearance, I am also serving the foregoing by email and by certified mail, return receipt requested, at the address below:

John Bunting
General Counsel
Oklahoma Council on
Judicial Complaints
1901 N. Lincoln Blvd.
Oklahoma City, OK 73105
John.bunting@cojc.ok.gov

*/s/ Ryan Haynie*