# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SCOTT LOFTIS,

      Plaintiff,

v.

RICHARD ROSE, in his official capacity
as Chairman of the Board of the Oklahoma
Council on Judicial Complaints, *et al.*,

      Defendants.

Case No. CV-1172-D

## DEFENDANTS' RESPONSE TO
## <u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>

Taylor P. Henderson, OBA No. 30581
John M. Bunting, OBA No. 31503
OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
1901 N. Lincoln Blvd.
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-4800
Email: *taylor.henderson@cojc.ok.gov*
       *john.bunting@cojc.ok.gov*

***Attorneys for Defendants***

**Table of Contents**

A.    Background: The Oklahoma Council on Judicial Complaints ………………… 3

B.    Arguments and Authorities

    1.  The "Party Affiliation Rule" -- Okla. Stat. tit. 20, § 1404.1(3)

        a.  The Party Affiliation Rule and Plaintiff's challenge to it ……………… 3

        b.  Defendants' analysis of the Party Alliliation Rule …………………….. 4

        c.  Analysis of Plaintiff's right to a preliminary injunction ………….…... 5

        d.  Defendants and the Council intend to treat incumbent and non-incumbent candidates equally ………………………………...………….. 8

        e.  Limitations ……………………………………………………………...….. 8

    2.  The "Pledges, Promises, or Commitments Clause" -- Code of Judicial Conduct Rule 4.1(A)(12)-(13)

        a.  The Pledges, Promises, or Commitments Clause, and Plaintiff's challenge to it ……………………………………………………...……… 9

        b.  The Pledges, Promises, or Commitments Clause is constitutional as applied to Plaintiff because it does not prohibit him from discussing "personal views on legal, political, or other issues" …...……………... 10

        c.  The Pledges, Promises, or Commitments Clause is also constitutional on its face ……………………………………...……… 13

        d.  A preliminary injunction should not be entered ………………………. 15

    3.  The Advisory Panel opinions

        a.  Defendants and the Council will not apply any Advisory Panel opinion that is inconsistent with their own analysis ……..…….. 16

        b.  A preliminary injunction should not be entered ………….…..……….. 17

Conclusion and Request for Relief ……………………………………………………… 17

i

## **Table of Authorities**

**Constitutional Provisions**

Oklahoma Constitution Article VII, Section 9 …...………………………………… 3, 4, 8

**Statutes**

OKLA. STAT. tit. 20, § 1404.1(3) …...……………………………………………... 1, 3, 4, 8, 17

OKLA. STAT. tit. 20, § 1404(6) ………………………………...…………….. 8, 17

OKLA. STAT. tit. 20, § 1651 (OSCN 2026) …………………………………………… 3

OKLA. STAT. tit. 20, § 1659 (OSCN 2026) …………………………………………… 3

**Rules**

Oklahoma Code of Judicial Conduct Rule 4.1(A)(12)-(13) ………..…………... 2, 9, 15

OKLA. STAT. tit. 5, App'x 4A - Rules Governing Complaints on Judicial Misconduct, Rule 1 (OSCN 2026) …………………………………………………………… 16

OKLA. STAT. tit. 5, App'x 4A - Rules Governing Complaints on Judicial Misconduct, Rule 3 (OSCN 2026) …………………………………………………………… 3

OKLA. STAT. tit. 5, App'x 4A - Rules Governing Complaints on Judicial Misconduct, Rule 9 (OSCN 2026) …………………………………………………………… 16

**Cases**

*Ex parte Young*, 209 U.S. 123 (1908) …………………………………………... 7

*Republican Party of Minnesota v. White*, 536 U.S. 765 (2002) ………………… 1, 4, 5, 7

*Rep. Party of Minn. v. White*, 416 F.3d 738 (8th Cir. 2005) ……………………… 5

*Kansas Judicial Review v. Stout*, 519 F.3d 1107 (10th Cir. 2008) …………………… 5-6

*Kansas Judicial Review v. Stout*, 562 F.3d 1240 (10th Cir. 2009) ………………… 13-15

*Carey v. Wolnitzek*, 614 F.3d 189 (6th Cir. 2010) ……………………………………5

## Table of Authorities (continued)

*Siefert v. Alexander*, 608 F.3d 974 (7th Cir. 2010) ……………..…………………………… 5

*U.S. v. Hernandez-Calvillo*, 39 F.4th 1297 (10th Cir. 2022) …………...………………. 13

*Inquiry Concerning Judge John B. Flynn*, No. SC2023-1435 (Fla. Nov. 27, 2024) …... 11

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants are the three individual council members of the Oklahoma Council on Judicial Complaints ("Council"), and have been sued in their official capacity. Plaintiff's lawsuit challenges the constitutionality of several provisions of Oklahoma state law, and Plaintiff's *Motion for Preliminary Injunction* seeks to enjoin the Council from enforcing those provisions against him.

Defendants recognize that the United States Supreme Court has held in *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002) that certain restrictions on judicial candidates' speech violate the First Amendment to the United States Constitution. Defendants and the Council always strive to act within the law and the Constitutions of the United States and the State Oklahoma, and would welcome a determination of whether the decision in *White* affects any of the statutes or rules the Council is charged with applying. Defendants' analysis of Plaintiff's arguments is summarized as follows:

*First*, Plaintiff challenges OKLA. STAT. tit. 20, § 1404.1(3) (the "Party Affiliation Rule"), which prohibits non-incumbent judicial candidates from identifying themselves as members of a political party while running for office. If the Court applies the ruling in *White* the same way that it has been applied by other circuit courts, then Defendants would concede that Plaintiff's challenge to the Party Affiliation Rule has a likelihood of success on the merits and therefore would not oppose a preliminary injunction against the application of OKLA. STAT. tit. 20, § 1404.1(3) pending resolution of Plaintiff's challenge. A separate statute applies the Party Affiliation Rule to incumbent judicial candidates;

1

although the incumbent statute is not being challenged in this lawsuit, Defendants and the Council intend to apply any preliminary injunctive rulings of the Court to both incumbents and non-incumbents to ensure equal treatment under the law.

*Second*, Plaintiff challenges Oklahoma Code of Judicial Conduct Rule 4.1(A)(12)-(13) (together, the "Pledges, Promises, or Commitments Clause") because he fears it will be applied in a manner that unconstitutionally restricts his political speech. However, Defendants do not believe the Pledges, Promises, or Commitments Clause applies to Plaintiff's proposed speech as he suggests, and they would not attempt to apply the clause against Plaintiff under the facts presented, so long as he acknowledges the overarching judicial obligation to apply and uphold the law without regard to his personal views. Defendants therefore oppose Plaintiff's request for an injunction on this issue.

*Third* and finally, Defendants oppose an injunction that would prohibit the Council from adopting certain advisory opinions of the Oklahoma Judicial Ethics Advisory Panel ("Advisory Panel"). The Advisory Panel is a committee in the judicial branch that may render advisory opinions to judges and judicial candidates on certain specified issues, but its advisory opinions are not binding on the Council. Defendants and the Council respectfully disagree with the way the Advisory Panel has interpreted the Pledges, Promises, or Commitments Clause, and therefore they do not and will not follow the Advisory Panel's interpretation or conclusions on this issue.

Defendants respectfully state the following:

2

### A.    Background: The Oklahoma Council on Judicial Complaints

The Council is a state agency in the Executive Branch whose mission is to receive and investigate complaints alleging misconduct by Oklahoma judges and judicial candidates, and to recommend discipline in appropriate cases. *See* OKLA. STAT. tit. 5, App'x 4A - Rules Governing Complaints on Judicial Misconduct, Rule 3 (OSCN 2026); OKLA. STAT. tit. 20, § 1651 (OSCN 2026). The Council has no power to adjudicate violations or to impose discipline, other than the ability to issue a "letter of caution" which is not an adjudication. *See* Rule 3, Rules Governing Judicial Misconduct. Rather, if the Council determines that judicial misconduct has occurred and discipline is warranted, it must refer the matter to an entity with the authority to invoke the jurisdiction of the Court on the Judiciary, or to the Oklahoma Supreme Court, to impose discipline. *See id.*, OKLA. STAT. tit. 20, § 1659 (OSCN 2026).

### B.    Arguments and Authorities

### 1.    The "Party Affiliation Rule" -- OKLA. STAT. tit. 20, § 1404.1(3).

### a.    The Party Affiliation Rule and Plaintiff's challenge to it.

The *Motion for Preliminary Injunction* first challenges the Party Affiliation Rule. As background, Article VII, Section 9 of the Oklahoma Constitution provides that "District Judges and Associate District Judges shall be elected by the voters of the several respective districts or counties at a non-partisan election in the manner provided by statute." Relatedly, the Party Affiliation Rule provides as follows:

> A person who is not a judicial officer but is a candidate for a judicial office shall comply with the standards enumerated below, and any violation of these standards shall constitute grounds for the removal by the Court on the

3

> Judiciary of a person who is not a judicial officer elected to a judicial office with or without disqualification to hold a judicial office in the future.
> . . .
>   3. While a candidate for a judicial office, making publicly known in his campaign material or speeches, or knowingly permitting others to make publicly known, either directly or by implication, his political party affiliation.

OKLA. STAT. tit. 20, § 1404.1(3).

Plaintiff does not challenge Article VII, Section 9's requirement of non-partisan judicial elections. Rather, Plaintiff alleges that he would like to state on the campaign trail that he is a "conservative" candidate, but he believes such a statement would imply his affiliation with the Republican party and therefore violate the Party Affiliation Rule. *See* Doc. 4 at pp. 5-7. Plaintiff argues that the First Amendment to the United States Constitution protects his right to engage in the speech at issue, and therefore the Party Affiliation Rule violates the First Amendment. *See id.* at

**b.    Defendants' analysis of the Party Affiliation Rule.**

Defendants and the Council agree that the plain language of the Party Affiliation Rule would (i) prohibit a judicial candidate from publicly identifying their political party affiliation, and (ii) prohibit a candidate from identifying themselves as "liberal" or "conservative," since those terms are so closely associated with major political parties that they would likely make party affiliation known "by implication."

*Republican Party of Minnesota v. White*, 536 U.S. 765 (2002) held that a provision of the Minnesota Code of Judicial Conduct that prohibited judicial candidates from announcing their views on disputed legal and political issues violated the First Amendment. *Id. White* did not directly address whether a judicial candidate may be prohibited from

4

announcing themselves as "liberal" or "conservative." However, in a lengthy decision, the *White* Court emphasized judicial candidates' right to free speech and supported the idea that, once a state chose to allow judicial elections, it could not require those elections to be conducted "under conditions of state-imposed voter ignorance. If the State chooses to tap the energy and the legitimizing power of the democratic process, it must accord the participants in that process ... the First Amendment rights that attach to their roles." *Id.* at 788 (*internal citations and quotations omitted*). Defendants and the Council are also aware of several circuit courts that have applied *White* to find rules similar to Oklahoma's Party Affiliation Rule to be unconstitutional under similar facts. *See Carey v. Wolnitzek*, 614 F.3d 189, 203-04 (6th Cir. 2010); *Siefert v. Alexander*, 608 F.3d 974, 976 (7th Cir. 2010); *Rep. Party of Minn. v. White*, 416 F.3d 738, 766 (8th Cir. 2005).

c.  **Analysis of Plaintiff's right to a preliminary injunction.**

It is not the role of Defendants or the Council to decide that the Party Affiliation Rule is unconstitutional or should not be applied or enforced, and Defendants state that the issue may not be as clear-cut as Plaintiff suggests, since the Tenth Circuit appears to have not directly addressed this rule and many of the federal courts that have done so acknowledge the difficulty of the analysis. *See, e.g.*, *Carey v. Wolnitzek*, 614 F.3d 189, 194 (6th Cir. 2010) ("This is a complicated debate, and today's case requires us to take a side on some of these issues."). Defendants do not believe that the Court *must* grant Plaintiff's proposed injunction. For example, federal courts considering the constitutionality of state statutes have long recognized that the best course of action is often to certify questions regarding interpretation of the statute to that state's Supreme Court. In *Kansas Judicial*

*Review v. Stout*, 519 F.3d 1107, 1119 (10th Cir. 2008), the Tenth Circuit wrote that doing so "is consistent with our duties to avoid passing on the constitutionality of a statute where possible, [] and, in particular, to avoid considering the Constitutionality of a state statute in the absence of a controlling interpretation of its meaning and effect by the state courts." (*Internal citations and quotations omitted*). However, "[c]ertification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Id.* Defendants acknowledge that, under the facts presented in the *Motion for Temporary Injunction*, applying the plain language of Oklahoma's Party Affiliation Rule is straightforward and the Court may not need the Oklahoma Supreme Court to help interpret the statute. However, certification is a potential option.

Another issue involves the proper parties to this case. A temporary injunction can probably be entered against the Defendants in their official capacities to prevent the Council from investigating a violation of the rules and statutes that are at issue in this lawsuit, if the Court finds Plaintiff has met his burden. However, the Council is not the only agency in Oklahoma state government that has authority over the actions of judicial candidates. Rather, the Oklahoma Ethics Commission, Committee on Judicial Elections, Oklahoma Supreme Court, and Oklahoma Court on the Judiciary (at a minimum) also have jurisdiction over judicial candidates in some instances. Because none of those entities are defendants in this suit, they would presumably be unaffected by any injunction that may be entered against Defendants or the Council.

Moreover, looking beyond the preliminary injunction stage, Defendants do not concede at this time that they would be the proper defendants for the remainder of

6

Plaintiff's broader constitutional challenge. A person wishing to challenge the constitutionality of a law that regulates their conduct may sometimes do so by suing a government official, but "*it is plain that such officer must have some connection with the enforcement of the act*, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party." *Ex parte Young*, 209 U.S. 123, 157 (1908) (*emphasis added*). Defendants and the Council have authority to *investigate* alleged misconduct by judges and judicial candidates, *issue letters of caution*, and *recommend* to other entities such as the Oklahoma Supreme Court that disciplinary action be taken. While the Council's limited powers could be described as having "some" connection with the enforcement of the Party Affiliation Rule, the Council cannot adjudicate whether a judicial candidate has actually violated the rule. Defendants reserve the right to argue that the adjudicators -- including the Oklahoma Supreme Court or the Oklahoma Court on the Judiciary -- may be the more appropriate or necessary defendants.

However, if this Court were to analyze and apply *White* as it has been applied by other federal courts, Defendants agree that Plaintiff has demonstrated a likelihood of success on the merits, and therefore they would not oppose a properly-tailored preliminary injunction. However, any injunction should only affect application of the Party Affiliation Rule while a candidate for judicial office. *White* and its progeny only apply to judicial candidates -- not sitting judges -- and explained that the free speech at issue in the case is "speech about the qualifications of candidates for public office," which would no longer apply to a successful candidate once he or she reaches the bench. *See White*, 536 U.S at 774.

**d.    Defendants and the Council intend to treat incumbent and non-incumbent candidates equally.**

The Party Affiliation Rule found in OKLA. STAT. tit. 20, § 1404.1(3) only applies to non-incumbent judicial candidates. A separate statutory provision -- OKLA. STAT. tit. 20, § 1404(6) -- applies the same rule to "[a] judicial officer, while serving as such officer or while a candidate for a judicial office" -- *i.e.*, incumbent judicial candidates. Plaintiff is a non-incumbent candidate, and therefore he only seeks an injunction of the statute that applies to him, which is Section 1404.1(3). However, if an injunction is only granted as to Section 1404.1(3) (for non-incumbents) but not as to Section 1404(6) (for incumbents), that could create confusion as to whether incumbent judicial candidates have the same rights to freedom of speech and expression as non-incumbent candidates.

Defendants and the Council see no principled reason why non-incumbent judicial candidates should have different or greater First Amendment rights than incumbents. Defendants therefore state that, if an injunction is issued prohibiting the application of Section 1404.1(3) to non-incumbent judicial candidates, they also intend to cease applying Section 1404(6) to incumbent candidates. Defendants and the Council also would not oppose including Section 1404(6) within the terms of any preliminary injunction that may be entered in this case.

**e.    Limitations.**

As stated above, Plaintiff is not challenging Oklahoma Constitution Article VII, Section 9's requirement that judges be elected "at a non-partisan election," but rather he is challenging specific provisions of Oklahoma law. There are other provisions of Oklahoma

8

law that address or restrict a judicial candidate's political speech or activity -- including restrictions on judicial candidates seeking or accepting endorsements from political organizations, or making speeches on behalf of political organizations -- that are not being challenged in this lawsuit. Defendants and the Council wish to make it clear that, despite their legal positions as set forth in this brief, and even if application of the Party Affiliation Rule is enjoined, certain political speech and conduct by a judicial candidate may still violate Oklahoma law and may be investigated by the Council. Indeed, a judicial candidate's announcement of their affiliation must still give way to Oklahoma's constitutional requirement of non-partisan elections.

And, as stated above, Defendants and the Council are not the only agencies in Oklahoma state government that have authority over the actions of judicial candidates. Rather, the Oklahoma Ethics Commission, Committee on Judicial Elections, Oklahoma Supreme Court, and Oklahoma Court on the Judiciary (at a minimum) also have jurisdiction over judicial candidates in some instances, and none of those entities would be required to defer to the legal positions or interpretations of Defendants or the Council (or the Advisory Panel). To that end, Defendants and the Council can and do only speak for themselves.

2. **The "Pledges, Promises, or Commitments Clause" -- Code of Judicial Conduct Rule 4.1(A)(12)-(13).**

   a. **The Pledges, Promises, or Commitments Clause, and Plaintiff's challenge to it.**

The *Motion for Preliminary Injunction* also challenges the Pledges, Promises, or Commitments Clause, which reads as follows:

9

(A) Except as permitted by law, or by Rules 4.2, 4.3, and 4.4, a judge or a judicial candidate shall not:

. . .

12. make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court; or

13. in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

. . .

Plaintiff's challenge to the Pledges, Promises, or Commitments Clause is nuanced. Plaintiff acknowledges that the rule "could be interpreted constitutionally." Doc. 4 at p. 11. However, he fears that the Council will interpret the Pledges, Promises, or Commitments Clause in a way that prohibits him from proclaiming that he is "conservative" -- that is, he believes the Council will interpret the rule in the same manner as the Party Affiliation Rule. *Id.* Plaintiff also argues that he is in fear that "if he were to say he's a Southern Baptist, that could potentially also violate the law," and discussing other issues may "out" him as a Republican. *See id.* at p. 6. Plaintiff argues it would violate the First Amendment to apply the Pledges, Promises, or Commitments Clause in a way that would prohibit this proposed speech.

**b.    The Pledges, Promises, or Commitments Clause is constitutional as applied to Plaintiff because it does not prohibit him from discussing "personal views on legal, political, or other issues."**

Defendants and the Council interpret the Pledges, Promises, or Commitments Clause to prohibit judicial candidates from committing or appearing to commit themselves to <u>ruling a particular way if a particular party, issue, or case comes before them</u>. This is an

10

important rule that prohibits judicial candidates from, for example, making statements on the campaign trail that will bring their partiality into question if they reach the bench.[1] Defendants' interpretation is consistent with the plain language of the Pledges, Promises, or Commitments Clause, as well as with the advisory comments to Code of Judicial Conduct Rule 4.1. Specifically, Comment 13 provides in part as follows:

> The making of a pledge, promise, or commitment is not dependent upon, or limited to, the use of any specific words or phrases; instead, the totality of the statement must be examined to determine if a reasonable person would believe that the candidate for judicial office has specifically undertaken to reach a particular result. . . .

Defendants and the Council do <u>not</u> interpret the Pledges, Promises, or Commitments Clause to prohibit a judicial candidate from making personal political statements such as stating that he or she is "conservative," so long as the candidate acknowledges the overarching judicial obligation to apply and uphold the law. This interpretation is consistent with the remainder of Comment 13, which provides in further part as follows:

> . . . ***Pledges, promises, or commitments must be contrasted with statements or announcements of personal views on legal, political, or other issues, which are not prohibited***. When making such statements, a judge should

---

[1] For example, while on the campaign trail, a judicial candidate in Florida made or approved several statements supporting law enforcement, including "Support law enforcement"; "Support our law enforcement agencies"; "Criminals won't be happy to see me on the bench[.] I am tough[;] if someone is found guilty the punishment should sting enough for the person to learn criminal behavior won't be tolerated"; and "I will sentence based on history because that is the best indication of future behavior and if they have a history Grady's Hotel (aka the jail) is open 24*7 365 days a year." *See Inquiry Concerning Judge John B. Flynn*, No. SC2023-1435 (Fla. Nov. 27, 2024). This candidate won his race, but because his campaign statements cast doubt on his partiality, he was not allowed to preside over criminal cases. *Id.* The Florida Supreme Court determined that the Judge's statements ran afoul of Florida's Pledges, Promises, or Commitments Clause (among other provisions of the Code of Judicial Conduct), and issued a public reprimand and 25-day suspension without pay. *Id.*

acknowledge the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views.

(*Emphasis added*).

Consistent with their interpretation of Code of Judicial Conduct Rule 4.1, Defendants and the Council cannot foresee applying the Pledges, Promises, or Commitments Clause to prohibit Plaintiff from engaging in the "open and robust intellectual discussions" that Plaintiff states he may wish to have about his personal views and opinions on "matters of politics, religion, crime, gender identity," and other similar topics. *See* Doc. 4-4 at ¶¶ 3-4. The plain language of the Pledges, Promises, or Commitments Clause allows for such discussion to take place, <u>so long as the judicial candidate adheres to the rule's requirements and makes it clear that he or she has not pre-determined any matter or already decided to reach any particular result</u>. Those requirements include, as stated above, "acknowledge[ing] the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views," as well as "candidates who respond to media and other inquiries should also give assurances that they will keep an open mind and will carry out their adjudicative duties faithfully and impartially if elected." Code of Jud. Cond. R. 4.1, Cmts. 13, 15. Defendants' and the Council's interpretation of the Pledges, Promises, or Commitments Clause appears consistent with Plaintiff's own understanding. Plaintiff acknowledges that he could not ethically say, "I will always rule in favor of the prosecution." Doc. 4 at p. 11.

Plaintiff's fear that the Pledges, Promises, or Commitments Clause will be enforced against him appears to derive entirely from one or more advisory opinions issued by the

12

Advisory Panel. Yet, no action by the Advisory Panel should change the above analysis. As discussed further in Section 3 below, the Advisory Panel exists to give non-binding ethical guidance to judges and judicial candidates. Defendants and the Council give no deference to the Advisory Panel's legal analysis. As one can see from reading this brief, the Council respectfully interprets the Pledges, Promises, or Commitments Clause differently than the Advisory Panel did; when such a conflict arises, the Council follows its own analysis rather than the Advisory Panel's, and it will do so in this case as well.

      c.      **The Pledges, Promises, or Commitments Clause is also constitutional on its face.**

Plaintiff's argument that the Pledges, Promises, or Commitments Clause is unconstitutional on its face was premised on an incorrect belief as to how Defendants would apply the rule. Out of an abundance of caution and in the event Plaintiff persists with his facial challenge, Defendants present the following reasons why the Pledges, Promises, or Commitments Clause should not be held unconstitutional on its face and no injunction should be granted.

*First*, "to prove a statute's overbreadth (and thus its facial invalidity), the challenger must show that it 'prohibits a substantial amount of protected speech.'" *U.S. v. Hernandez-Calvillo*, 39 F.4th 1297, 1301 (10th Cir. 2022) (internal citation omitted). With respect to a pre-enforcement facial challenge to a statute's constitutionality as is presented here, the Tenth Circuit will "require such an injury to be defined with precision," because "[i]f all it took to summon the jurisdiction of the federal courts were a bare assertion that, as a result of government action, one is discouraged from speaking, there would be little left of

13

the Article III threshold in First Amendment cases." *Kan. Jud. Review v. Stout*, 562 F.3d 1240, 1247 (10th Cir. 2009) (internal quotations and citations omitted). Because the *Motion for Preliminary Injunction* only analyzes an interpretation of the Pledges, Promises, or Commitments Clause that is not being followed by the Defendants or Council, Plaintiff has not carried his burden to precisely define how Defendants' textual interpretation of the rule would prohibit any legitimate free speech, let alone "a substantial amount" of it.

*Second*, the Tenth Circuit has reviewed with approval Kansas' Pledges, Promises, or Commitments Clause which is virtually identical to Oklahoma's Pledges, Promises, or Commitments Clause. In *Kansas Judicial Review v. Stout*, 562 F.3d 1240 (10th Cir. 2009), the Tenth Circuit considered Kansas's version of the Pledges, Promises, or Commitments Clause. Two judicial candidates had filed a lawsuit similar to the instant one. They requested that Kansas's then-current version of the clause be enjoined as unconstitutional because it chilled the candidates' rights to political speech. *Id.* at 1244. The trial court granted the preliminary injunction. *Id.* The Tenth Circuit affirmed the injunction as to standing and ripeness, but certified certain substantive questions of state law to the Kansas Supreme Court. *Id.* at 1245. The Kansas Supreme Court answered the certified questions, and also notified the Tenth Circuit that they were in the process of amending the state's Code of Judicial Conduct, including the provisions that were being challenged. Once Kansas's provisions were amended, the Tenth Circuit considered whether the amended Pledges, Promises, or Commitments Clause was still likely to be held unconstitutional and therefore whether the plaintiffs were still entitled to the injunction. *Id.* at 1246-47. The Tenth Circuit found the new version of the rule contained "significant

14

narrowing language," and while the court was not yet in a position to make a final judgment since this was only the temporary injunction stage, the court determined that "the narrowing language of the new canons appears to substantially reduce the potential that new Canon 4.1(A)(6) will chill the plaintiffs' future speech," and therefore the court vacated the previously-granted injunction. *See id.* at 1247-49.

Most important to the current analysis is the fact that the relevant portion of Kansas's updated code provisions -- the one that the Tenth Circuit reviewed with approval -- is identical to Oklahoma's Oklahoma Code of Judicial Conduct Rule 4.1(A)(13) (a portion of the Oklahoma Pledges, Promises, or Commitments Clause that is currently under challenge). The language of Kansas and Oklahoma clauses are compared below:

| **Kansas Code of Judicial Conduct Canon 4.1(A)(6) (amended, 2009)** | **Oklahoma Code of Judicial Conduct Rule 4.1(A)(13)** |
|---|---|
| Judicial candidates shall not: "in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the *impartial* performance of the adjudicative duties of judicial office." | "…a judge or a judicial candidate shall not: … in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office." |

*See id.* at 1247. Because the plaintiffs in *Stout* were not entitled to an injunction once Kansas' Pledges, Promises, or Commitments Clause was updated to mirror Oklahoma's, the Plaintiff in our case is likewise not entitled to an injunction against application of Oklahoma's Pledges, Promises, or Commitments Clause.

> **d.      A preliminary injunction should not be entered.**

As to his challenge to the Pledges, Promises, or Commitments Clause, Plaintiff is unlikely to prevail on the merits and has not shown that he will suffer irreparable harm.

Here, Defendants and the Council will not apply the Pledges, Promises, or Commitments Clause against the statements that Plaintiff says he would like to make. The manner in which the Council <u>will</u> apply the clause has not been shown by Plaintiff to be unconstitutional, and in fact is supported by *Kansas Judicial Review v. Stout*. The public would be harmed if a constitutional provision of the Oklahoma Code of Judicial Conduct could not be applied during judicial election season.

**3.      The Advisory Panel opinions.**

### a.      Defendants and the Council will not apply any Advisory Panel opinion that is inconsistent with their own analysis.

The Advisory Panel is a committee in the Judicial Branch that may render advisory opinions to judges and judicial candidates on certain specified issues, but its advisory opinions are not binding on the Council. *See* OKLA. STAT. tit. 5, App'x 4D - Rules of the Judicial Ethics Advisory Panel, Rules 1, 9 (OSCN 2026). Although the Council sometimes reaches the same conclusion as the Advisory Panel on a particular issue (and sometimes does not), the Council gives no deference to the Advisory Panel's statutory interpretation and analysis, and would not apply an Advisory Panel opinion.

This brief contains the Council's interpretation of the Party Affiliation Rule or the Pledges, Promises, or Commitments Clause, and to the extent any Advisory Panel opinion contradicts the Council's interpretation, the Council would defer to its own interpretation. Similarly, if the Council forwards a recommendation of discipline to the Oklahoma Supreme Court or the Court on the Judiciary, the Council's statutory interpretations are not binding on those courts.

16

**b.      A preliminary injunction should not be entered.**

Because Defendants and the Council state they will not enforce the Advisory Panel opinions as discussed above, there is no current or future conduct by the Defendants that is wrongful or can be enjoined. Plaintiff is therefore unlikely to prevail on the merits, and has not shown that he will suffer irreparable harm. No injunction should be granted on this issue.

## C.      <u>Conclusion and Request for Relief</u>

WHEREFORE, if this Court were to analyze and apply *White* as it has been applied by other federal courts, Defendants would not oppose a preliminary injunction to prohibit the application of the Party Affiliation Rule contained in OKLA. STAT. tit. 20, § 1404.1(3) against judicial candidates while they are candidates. For parity to be afforded to all judicial candidates, Defendants also would not oppose including OKLA. STAT. tit. 20, § 1404(6) within the scope of a preliminary injunction.

Defendants oppose all other preliminary injunctions, and all other relief, requested by the Plaintiff.

Defendants request an award of attorneys' fees, costs, and all other relief to which they are entitled.

17

Respectfully submitted by:

  s/ John M. Bunting
Taylor P. Henderson, OBA No. 30581
John M. Bunting, OBA No. 31503
OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
1901 N. Lincoln Blvd.
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-4800
Email: *taylor.henderson@cojc.ok.gov*
     *john.bunting@cojc.ok.gov*

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

  s/ John M. Bunting
John M. Bunting

18