**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

SCOTT LOFTIS,

Plaintiff,

v.

RICHARD ROSE, in his official capacity as Chairman of the Board of the Oklahoma Council on Judicial Complaints, *et al.*,

Defendants.

Case No. 26-CV-1172-D

**DEFENDANTS' JOINT ANSWER and AFFIRMATIVE DEFENSES**

All Defendants file this *Joint Answer* to Plaintiff's *Verified Complaint* [ECF No. 1]. Defendants deny every allegation in the Verified Complaint unless specifically admitted herein. In instances where Defendants admit the accuracy of a quotation or citation, that is not an admission that the quoted/cited material is relevant, applicable, or placed in the proper context. For their responses to Plaintiff's individual allegations, Defendants state the following:

## I. ANSWER

### "Introduction"

1. Defendants admit that the citations contained in paragraph 1 appear to be accurate.

2. Denied.

3. Admitted in part, denied in part. Admitted that paragraph 3 correctly cites to portions of 20 O.S. § 1404.1. The allegation that this statute violates the First Amendment

is the issue to be decided in this case, and Defendants deny the same pending a resolution by the Court.

4. Admitted in part, denied in part. Admitted that paragraph 4 accurately restates portions of Rules 4.1(12)-(13) of the Code of Judicial Conduct as adopted by the Oklahoma Supreme Court. The allegation that these rules violate the First Amendment is denied.

5. Admitted in part, denied in part. Admitted that paragraph 5 correctly cites to portions of two advisory opinions, and admitted that said advisory opinions are non-binding. The allegation that these opinions violate the First Amendment is denied, and any suggestion that Opinion 2018-7 cites to Code of Judicial Conduct Rule 4.1(A)(12)-(13) is denied.

6. Denied.

**"Jurisdiction and Venue"**

7. After reasonable inquiry, denied based on lack of information.

8. Defendants respectfully maintain their challenge to subject-matter jurisdiction [*see* Doc. No. 13]. On that basis, denied.

9. Admitted, upon information and belief.

**"Parties"**

10. Admitted, upon information and belief.

11. Admitted.

12-14. Admitted in part, denied in part. Admitted, except as follows: (a) The Council members usually do not personally investigate complaints of judicial misconduct, but

rather direct the Council's staff to conduct such investigations under the Council members' supervision. (b) The Council may recommend discipline to the Oklahoma Supreme Court, but has no legal authority to recommend discipline directly to the Court on the Judiciary.

**"Background"**

**1. "Candidates for Judicial Office and their First Amendment Rights"**

15. Defendants admit that the citation contained in paragraph 15 appears to be accurate.

16. Defendants admit that the citations contained in paragraph 16 appear to be accurate.

17. Defendants admit that the citations contained in paragraph 17 appear to be accurate.

18. With the exception of one scrivener's error, Defendants admit that the citations contained in paragraph 18 appear to be accurate.

**2. "Judicial Elections in Oklahoma"**

19. Admitted in part, denied in part, as follows: If a vacancy occurs in the district judge position, a replacement may be selected by the Governor by way of the Judicial Nominating Committee process.

20. Admitted in part, denied in part. Defendants admit that the citation contained in paragraph 20 appears to be accurate. As to the remaining allegation, after reasonable inquiry, denied based on lack of information.

21. Admitted in part, denied in part. Defendants admit, upon information and belief, that the Oklahoma Code of Judicial Conduct is well-intentioned. Defendants admit

that the citation contained in paragraph 21 appears to be accurate. As to the implication that this citation applies to the Oklahoma laws being challenged in this lawsuit, denied.

22. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraph 22 appears to be accurate. As to the remaining allegation and the implication that this quotation applies to the Oklahoma laws being challenged in this lawsuit, denied.

23. Denied.

24. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraph 24 appears to be accurate. As to the remaining allegation and the implication that this quotation applies to the Oklahoma laws being challenged in this lawsuit, denied.

**3. "The Oklahoma Statutes"**

25. Admitted, with the following clarification: 20 O.S. § 1404.1 is one -- but not the only -- part of Oklahoma law that guides the speech and conduct of judicial candidates.

26. Admitted.

27. After reasonable inquiry, denied based on lack of information.

28. Denied, as understood by the Defendants, for the following reason: 20 O.S. § 1404.1 refers only to *publicly* identifying political party affiliation.

29. After reasonable inquiry, denied based on lack of information.

30. Defendants admit that the quoted material contained in paragraph 30 appears to be accurate.

**4. Oklahoma's Code of Judicial Conduct**

31. Admitted in part, denied in part. Admitted that the Oklahoma Code of Judicial Conduct is based on a model code from the ABA. Defendants deny based on lack of information that any part of the Oklahoma Code of Judicial Conduct has been "struck down as unconstitutional."

32. Defendants admit that the quoted material contained in paragraph 32 appears to be accurate. Defendants further state that other information, such as the comments to Rule 4.1, should be consulted to provide the proper context.

33. After reasonable inquiry, denied based on lack of information.

34. After reasonable inquiry, denied based on lack of information.

35. Admitted that this appears to be a reasonable interpretation of the text of Rule 4.1. However, every rule, law, and statute must be interpreted and applied based on the facts of a particular case, and Defendants wish to clarify that they cannot and do not take a position on how Rule 4.1 or any other law or rule may be applied in the future. For example, Defendants do not take any position on how or whether Rule 4.1 would apply to a person who was formerly a judicial candidate but whose campaign was unsuccessful.

**5. "Decisions of the Judicial Ethics Advisory Panel"**

36. Admitted in part, denied in part. Admitted upon information and belief that the Judicial Ethics Advisory Panel was created by the Supreme Court in 1998, and admitted that 5 O.S. Appx. 4D, Rule 1 refers to the Judicial Ethics Advisory panel as an "advisory committee for justices, judges, . . ." To the extent this paragraph alleges that the Oklahoma Supreme Court is an "advisory committee . . . ," denied.

37. Admitted.

38. Defendants admit that the quoted material contained in paragraph 38 appears to be accurate. As to the remaining allegation, denied based on lack of information.

39. Admitted. However, this is not an admission that opinion 2018-7 is relevant, applicable, or placed in the proper context.

40. Admitted in part, denied in part. Admitted, except as follows: Opinion 2018-7 makes clear that a judge would not face discipline simply for "someone else's publication," but rather, discipline would come from the judge's own conduct since "a violation arises if a judge knowingly permits" the publication.

41. Denied, as understood by the Defendants for the following reason: Opinion 2026-2 refers only to *publicly* identifying political party affiliation.

**6. "The Effect of Oklahoma These Policies [*sic*] on Scott Loftis"**

42-53. After reasonable inquiry, denied based on lack of information.

**"Count I -- Violation of the First Amendment . . ."**

54. No response required.

55-58. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraphs 55-58 appears to be accurate. As to the remaining allegations and the implication that these quotations apply to the Oklahoma laws being challenged in this lawsuit, denied based on lack of information.

59. After reasonable inquiry, denied based on lack of information.

60. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraph 60 appears to be accurate; however, Defendants deny that the

quoted material from *White* refers to "statements by a judge," as the *White* case only applies to judicial *candidates*. As to the remaining allegations and the implication that these quotations apply to the Oklahoma laws being challenged in this lawsuit, denied based on lack of information.

61. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraph 61 appears to be accurate. As to the remaining allegations and the implication that these quotations apply to the Oklahoma laws being challenged in this lawsuit, denied based on lack of information.

62. Denied.

**"Count II -- Violation of the First Amendment . . ."**

63. No response required.

64-67. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraphs 64-67 appears to be accurate. As to the remaining allegations and the implication that these quotations apply to the Oklahoma laws being challenged in this lawsuit, denied based on lack of information.

68. After reasonable inquiry, denied based on lack of information.

69-70. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraphs 69-70 appears to be accurate. As to the remaining allegations and the implication that these quotations apply to the Oklahoma laws being challenged in this lawsuit, denied based on lack of information.

71. Denied.

**"Count III -- Violation of the First Amendment . . ."**

72. No response required.

73-78. Admitted in part, denied in part. Defendants admit that the quoted material contained in paragraphs 73-78 appears to be accurate. As to the remaining allegations and the implication that these quotations apply to the Oklahoma laws being challenged in this lawsuit, denied based on lack of information.

79. Denied.

**"Wherefore"**

Defendants request that Plaintiff's requested relief be denied in full. Defendants request an award of any and all relief to which the Court finds them entitled.

## II. AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim on which relief may be granted. *See* Rule 12(b)(6), FRCP; *Defendants' Motion to Dismiss* [Doc. 13].

2. Plaintiff lacks standing, and this suit lacks subject-matter jurisdiction. *See* Rule 12(b)(1), FRCP; U.S. CONSTITUTION, art. III; *Defendants' Motion to Dismiss* [Doc. 13].

3. Defendants are protected by sovereign immunity. *See* U.S. CONSTITUTION, 10th and 11th Amendments; *Defendants' Motion to Dismiss* [Doc. 13].

4. Mootness. *See Defendants' Response to Motion for Preliminary Injunction* [Doc. 10]; *Order* [Doc. 17].

5. Applicable equitable defenses, such as estoppel and laches, as may be determined to apply in the course of discovery. Defendants reserve the right to assert further defenses, if appropriate, as may be discovered during the course of the litigation.

Respectfully submitted by:

*s/ John M. Bunting*
Taylor P. Henderson, OBA No. 30581
John M. Bunting, OBA No. 31503
OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS
1901 N. Lincoln Blvd.
Oklahoma City, Oklahoma 73105
Telephone: (405) 522-4800
Email: *taylor.henderson@cojc.ok.gov*
*john.bunting@cojc.ok.gov*

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of October, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*s/ John M. Bunting*
John M. Bunting